302 F. Supp. 1342

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
FILED
AUG 1 3 1969
PATRICIA D. WILL
CLERK

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE TEXAS CONCRETE PIPE ANTITRUST  )
LITIGATION                            )   DOCKET NO. 26

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

As the Panel had already transferred the *East of the Rockies Concrete Pipe cases* to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407[1]/ and had a motion before it to transfer one of the *West Coast Pipe cases* to the Central District of California for coordination or consolidation with other cases pending in the Ninth Circuit, it seemed desirable to determine whether the *Texas Concrete Pipe cases* (see Schedule A) were sufficiently related to either of these groups of cases to merit their transfer for coordinated or consolidated pretrial proceedings. We therefore ordered the parties in the *Texas cases* to show cause why those cases should

---

\*   Judges Wisdom and Lord were unable to attend the hearing but with the consent of all parties represented at the hearing they have participated in this decision.

1/   *In re East of the Rockies Concrete Pipe Litigation* ___ Fed. Supp. ___ (Jud.Pan.Mult.Lit. 1969).

not be transferred under §1407 and we set the matter for hearing in Denver on July 25, 1969.[2]

In their responses to the *show cause order* and in argument before the Panel in Denver, all parties strongly urged the Panel not to transfer these cases. We are convinced that there is no connection between the *Texas cases* and the *East of the Rockies cases*: the defendants are entirely different, there are no common witnesses, and the cases stem from different criminal proceedings. Although based on different criminal indictments the *Texas cases* and the *West Coast cases* do not appear to be totally unrelated for they involve several common defendants, some common witnesses and a potential for common discovery. We are satisfied, however, that these 23 cases are proceeding expeditiously and we do not believe that

---

[2] The "Order to Show Cause and Notice of Hearing" in pertinent part was as follows:

> You and each of you are hereby ORDERED to show cause why the actions listed on Schedule A should not be transferred for coordinated or consolidated pretrial proceedings on the initiative of the Panel under Section 1407, Title 28, United States Code, to either the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the Central District of California, or to a district or districts other than the one in which they are now pending.
>
> IT IS FURTHER ORDERED that a hearing will be held at 9:30 a.m. on July 25, 1969 in the Main Courtroom, United States Court of Appeals, Denver, Colorado, on the question of such transfer.

- 3 -

their transfer to another district would promote their just and efficient conduct. We therefore decline to order them transferred, on our own initiative, for coordinated or consolidated pretrial proceedings under §1407.

## SCHEDULE A

### NORTHERN DISTRICT OF TEXAS

1. Greenbelt Municipal and Industrial Water Authority v. United Concrete Pipe Corporation, et al. — Civil Action No. 3-2946-C

2. San Patricio Municipal Water District v. United Concrete Pipe Corporation, et al. — Civil Action No. 3-2947-C

3. City of Odessa, Texas v. United Concrete Pipe Corporation, et al. — Civil Action No. 3-2948-C

4. City of Austin, Texas v. United Concrete Pipe Corporation, et al. — Civil Action No. 3-2285-C

5. City of Amarillo, Texas v. United Concrete Pipe Corporation, et al. — Civil Action No. 3-2286-C

6. City of Fort Worth, Texas v. United Concrete Pipe Corporation, et al. — Civil Action No. 3-2287-C

7. City of Garland, Texas v. United Concrete Pipe Corporation, et al. — Civil Action No. 3-2288-C

8. City of Lubbock, Texas v. United Concrete Pipe Corporation, et al. — Civil Action No. 3-2289-C

9. City of Midland, Texas v. United Concrete Pipe Corporation, et al. — Civil Action No. 3-2290-C

10. Colorado River Municipal Water District v. United Concrete Pipe Corporation et al. — Civil Action No. 3-2291-C

11. City of Dallas, Texas v. United Concrete Pipe Corporation, et al. — Civil Action No. 3-2354-C

12. City of San Antonio, Texas v. United Concrete Pipe Corporation, et al. — Civil Action No. 3-2355-C

13. City of Corpus Christi, Texas v. United Concrete Pipe Corporation, et al. — Civil Action No. 3-2356-C

14. City of Waco, Texas v. United Concrete Pipe Corporation, et al. — Civil Action No. 3-2357-C

15. City of Irving, Texas, v. United　　　　Civil Action
    Concrete Pipe Corporation, et al.　　　No. 3-2358-C

16. City of Wichita Falls, Texas v. United　Civil Action
    Concrete Pipe Corporation, et al.　　　No. 3-2359-C

17. City of Big Spring, Texas v. United　　Civil Action
    Concrete Pipe Corporation, et al.　　　No. 3-2360-C

18. North Texas Municipal Water District　 Civil Action
    v. United Concrete Pipe Corporation,   No. 3-2361-C
    et al.

19. White River Municipal Water District v. Civil Action
    United Concrete Pipe Corporation,       No. 3-2362-C
    et al.

20. City of El Paso, Texas v. United　　　 Civil Action
    Concrete Pipe Corporation, et al.　　　No. 3-2423-C

21. City of Mesquite, Texas v. United　　　Civil Action
    Concrete Pipe Corporation, et al.　　　No. 3-2465-C

22. National Water Corporation and Great    Civil Action
    Plains Water Company, Inc., v.          No. 3-2466-C
    United Concrete Pipe Corporation,
    et al.

23. City of Borger, Texas v. United Concrete Civil Action
    Pipe Corporation, et al.                 No. 3-2612-C